UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v.                                                    )<br>)<br>)<br>)<br>)<br>ELWIN BRUNO,                              )<br>          Defendant          ) | Criminal No. 05mj00635-KPN |

PROBABLE CAUSE FINDING
July 14, 2005

NEIMAN, U.S.M.J.

    On May 24, 2005, a warrant was issued by the United States District Court for the Eastern District of New York charging Elwin Bruno ("Defendant") with violation of his conditions of supervised release.  At the time, Defendant was under the courtesy supervision of the Probation Office of the United States District Court for the District of Massachusetts.  A preliminary examination was held on July 12, 2005, pursuant to Fed. R. Crim. P. 32.1(a)(5)(B), the alleged violations having taken place in this district.  The Government offered the testimony of Walter Bush, Jr., a probation officer.  Defendant testified on his own behalf and offered some documentary evidence.  At the conclusion of the hearing, the court found probable cause to believe that Defendant had violated two of three supervised release conditions.  The court explained its reasons at the time and now memorializes that decision in writing.

    The court, in the context of a preliminary examination, must determine whether there is probable cause to believe that a violation occurred.  Fed. R. Crim. P. 32.1(a)(5)(B)(i).  Here, Defendant is accused of violating the conditions of his supervised release by (1) engaging in new criminal conduct, (2) associating with a

convicted felon, and (3) failing to follow the instructions of his probation officer. The court's task "is simply to make a practical, common-sense decision whether, given all the circumstances set forth . . . , including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability" that the defendant committed the violations. *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (internal quotation marks omitted). Proof beyond a reasonable doubt is not required. *See Gerstein v. Pugh*, 420 U.S. 103, 120 (1975). In the instant case, the evidence presented at the preliminary examination provides sufficient evidence for the court to believe that Defendant violated the first and third charges, but not the second.

<u>Charge I: New Criminal Conduct</u>

The first condition of supervised release which Defendant is accused of violating provides that "[w]hile on supervised release the defendant shall not commit another federal, state, or local crime." Here, the petition claims, Defendant was arrested in Massachusetts on April 5, 2005, and charged with domestic assault and battery on Tammy Simmons, who the probation officer describes as Defendant's girlfriend. Defendant was briefly held in state custody and then released on $500 bail. Prosecution of the case remains pending. The petition also indicates that a domestic restraining order was issued by the court at or around the same time.

Having heard all the testimony and having considered the evidentiary support proffered, the court determined that there was in fact probable cause to believe that Defendant violated the first condition of supervised release. Two 911 calls reportedly were placed from Defendant's residence by Ms. Simmons. The dispatch officer reportedly overheard a struggle and a female crying over the telephone, which resulted in police officers being sent to the residence. Upon arrival, the officers evidently spoke to Ms. Simmons and she told them that Defendant had choked her and thrown her against a table. The officers evidently observed red marks on the left side of her neck

which appeared consistent with the statement she filed with the police.

To be sure, Defendant offered his own testimony, together with recorded telephone messages left on his answering machine by Ms. Simmons, to cast doubt on Ms. Simmons' veracity.  The tapes show Ms. Simmons to be quite distraught, emotional and, indeed, mercurial (as described by Defendant's attorney), after the events at issue while attempting to rectify her relationship with Defendant.  In addition, Defendant offered a letter written by Ms. Simmons on May 11, 2005, addressed "To Whom It May Concern," in which she seeks to "drop" the charges against Defendant.  She also claims therein to have been "a little out of control" at the time and that Defendant simply was trying to "calm [her] down."  She also claims in the letter to have not read the statement she provided to police.  Notwithstanding this information, the court finds sufficient grounds and events underlying the arrest to believe that it is more likely than not that Defendant violated this first condition of release.

Charge 2: Association with a Convicted Felon

A second condition of supervised release which applies to Defendant provides that, "[w]hile on supervised release, the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer."  The charge asserts that Defendant associated himself with Ms. Simmons, who is a convicted felon on probation in the Commonwealth of Massachusetts, and failed to report this to his probation officer.  In support, the probation officer avers that Defendant "acknowledged that he was aware of the above victim's long criminal record (and currently on state probation), drug abuse problems, and stated that 'she grew up in the street.'"  The probation officer also asserts that Defendant stated that "birds of a feather, flock together."

The court, however, finds insufficient evidence to believe that Defendant knew of Ms. Simmons' status as a convicted felon at the time he had a relationship with her.  The information in the petition as well as the testimony of Mr. Bush was simply too

3

vague to find probable cause for this charge.

Charge 3: Failure to Follow the Instructions of the Probation Officer

The third condition of supervised release which Defendant is accused of violating provides that, "[w]hile on supervised release, the defendant shall report to the probation officer as directed and shall submit a truthful and complete written report within the first five days of each month." The probation officer charges that Defendant failed to follow his directions and failed to file monthly supervision reports from October 2004 through March 2005. Although Defendant claims to have retroactively provided three of these reports during a home visit by the probation officer in late January 2005, and to later have provided the remaining reports, the court believes, in light of all the testimony, that it is more likely than not that Defendant failed to file all reports in a timely manner.

CONCLUSION

Viewing the evidence in its totality, the court finds that there is probable cause to believe that Defendant violated the first and third charges in the probation officer's petition, but not the second.

DATE: July 14, 2005

      /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge